IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANTEZ HILL                                                                                               PETITIONER

v.                                                                                                  No. 3:07CV60-M-A

STATE OF MISSISSIPPI, ET AL.                                                                  RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Dantez Hill for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state court remedies.

**Facts and Procedural Posture**

On January 19, 2006, Dantez Hill pled guilty to the sale of cocaine in the Circuit Court of Webster County, Mississippi and was sentenced to thirteen years in the custody of the Mississippi Department of Corrections – with eight years to serve and five years of post-release supervision. There is no direct appeal from a guilty plea in Mississippi. MISS. CODE ANN. § 99-35-101. The petitioner could, however, challenge his conviction and sentence through the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, et seq., by filing a motion for postconviction collateral relief ("PCR") in the sentencing court. MISS. CODE ANN. § 99-39-7. In the instant petition, Hill has raised two grounds for relief. In the first ground, he argues that trial counsel gave him erroneous advice which influenced his decision to plead guilty, raising claims of ineffective assistance of counsel and an involuntary

guilty plea. In Ground One, Hill also challenges the fact that he has not been granted a parole hearing. In his second ground, Hill argues that MDOC has erroneously denied him trusty status.

**Discussion**

As an initial matter, the petitioner's claims that he has not received a parole hearing and has not been granted trusty status fail to state a claim upon which relief could be granted. *Sandin v. Conner*, 515 U.S. 472, 484 115 S.Ct. 2293 (1995); *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.); *Meachum v. Fano*, 427 U.S. 215, 229, 96 S.Ct. 2532 (1976); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"). As such, these claims shall be dismissed with prejudice.

Further, the petitioner admits that none of the grounds in the instant petition have been exhausted in state court. The petitioner may, however, exhaust his state court remedies through the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq*.

Section 99-39-5(2) provides:

(2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

Thus, the petitioner has three years from the date his conviction became final to seek relief under MISS. CODE ANN. § 99-39-1, *et seq.* At this juncture, the petitioner could pursue his claims in state court (thus tolling the federal limitations period) – and afterwards file a federal petition for a writ of *habeas corpus* containing the exhausted claims.

**The court cautions the petitioner, however, that the one-year limitations period began to run against him thirty days after he was sentenced and will continue to run until such time as he properly files a petition for post-conviction relief in state court. Therefore, the petitioner will have to move quickly in filing his post-conviction motion to toll the *habeas corpus* limitations period before it expires. In addition, the court cautions the petitioner that a properly filed post-conviction motion will only toll the limitations period *while such a motion is pending*. Once the state court enters a final decision, the limitations period will begin to run again.**

Finally, as the petitioner has not shown good cause for proceeding to federal court before exhausting state court remedies, the court finds that staying the case and holding it in abeyance until the petitioner exhausts his remedies is not appropriate in this case. *Rhines v. Weber*, 125 S.Ct. 1528 (2005).

In sum, the instant petition for a writ of *habeas corpus* is hereby **DISMISSED** without prejudice for failure to exhaust state court remedies. The petitioner's claims regarding denial of trusty status and denial of a parole hearing are, however, **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of July, 2007.

    /s/ Michael P. Mills
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF MISSISSIPPI**